## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 07 2015, 9:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS

Andrew J. Baldwin
Franklin, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Clemmeth and Janis Leach,<br>*Appellants-Defendants,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | July 7, 2015<br><br>Court of Appeals Case No.<br>55A01-1410-CR-443<br><br>Appeal from the Morgan Circuit Court.<br>The Honorable Matthew G. Hanson, Judge.<br>Cause Nos. 55C01-1206-FC-859<br>          55C01-1206-FD-860 |

**Baker, Judge.**

[1] Janis and Clemmeth Leach appeal the judgment of the trial court ordering them to pay $45,238.01 in restitution to Patton Park. Finding that the trial court's judgment is supported by sufficient evidence, we affirm.

## Facts

[2] In 1998, Janis and Clemmeth Leach moved to Patton Park, a lake community in Morgan County. A few years later, Janis became the secretary and treasurer of the Patton Park Homeowner's Association Board. Residents of Patton Park pay membership dues each year for the operation and maintenance of Patton Lake. Janis's duties included collecting these dues and keeping an account of all monies received and disbursed.

[3] Around 2007, Janis and Clemmeth started to fall behind on their bills. Janis began to withdraw money and cash checks from Patton Park's checking and savings accounts to cover these personal expenses. Janis also began to spend dues that members had personally paid to her, or that she had received from the community's caretaker, Ron Deetz, without depositing these dues into any of the community's accounts. Janis routinely falsified the accounting to make it look as though everything was normal. Clemmeth, who was spending money that Janis had taken from the account, assisted Janis in the cover up.

[4] Janis and Clemmeth continued to take money from Patton Park's checking and savings accounts until September 2011, when Janis closed both of the accounts because no money remained. At this point, James Trout, president of the board, noticed something was wrong and informed Janis that there would be an

audit. Janis told Trout that she had taken $4,128.37 from the accounts and wrote a promissory note for that amount. Trout spoke with other members of the board and they decided not to accept the promissory note, because they believed Janis owed a greater amount than she had admitted to taking. Janis was removed from her position as treasurer and she and Clemmeth moved out of Patton Park in November 2011.

[5]     On June 19, 2012, the State charged Janis with three counts of class D felony theft and one count of corrupt business influence. The State also charged Clemmeth with one count of class D felony theft. On August 19, 2014, Janis and Clemmeth each pleaded guilty to one count of class D felony theft. The plea agreement provided that Janis and Clemmeth would pay restitution to Patton Park in an amount to be determined by the trial court.

[6]     A restitution hearing was held at which the State presented evidence that Janis and Clemmeth had taken a total of $50,238.01 from the Patton Park accounts. The trial court reduced this amount by $5,000, after it found that Janis and Clemmeth had at one point deposited this sum back into the accounts. Accordingly, the trial court ordered Janis and Clemmeth to pay $45,238.01 in restitution to Patton Park, for which they were held to be jointly and severally liable. Janis and Clemmeth now appeal.

# Discussion and Decision

[7]     We review a trial court's order of restitution for an abuse of discretion. *Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008). An order of restitution must be

supported by sufficient evidence of the actual loss sustained by the victim. *Id.* "The amount of actual loss is a factual matter that can be determined only upon the presentation of evidence." *Id.* (quotations omitted). We will affirm if sufficient evidence exists to support the trial court's decision. *Id.*

[8] Here, the evidence before the trial court consisted mainly of Deetz's personal records as to membership dues he had received from residents that had never been deposited in Patton Park's accounts and bank records showing unauthorized withdrawals by Janis and Clemmeth. State's Ex. 1-2. Deetz's records show that, from 2007-2011, Janis neglected to deposit $14,374.50 worth of membership dues into Patton Park's accounts. State's Ex. 1. The bank records show that Janis withdrew $35,263.51 from Patton Park's accounts over the same period of time. State's Ex. 2. Trout was called to testify as to his belief that these withdrawals were unauthorized. Tr. p. 66-67. These amounts totaled $50,238.01, which the trial court reduced by $5,000 in light of evidence showing that Janis and Clemmeth had deposited this amount into the accounts.

[9] Janis and Clemmeth only take issue with the veracity of this evidence to the extent that they question Trout's certainty as to whether or not certain withdrawals were authorized. Appellant's Br. p. 4. They primarily argue that the trial court failed to consider other evidence before it. They point to evidence showing that deposits made to the Patton Park accounts from 2007-2011 totaled $132,007.07. Appellant's Br. p. 5. They calculate that, based on the number of members and the amount of dues owed, the most revenue Patton Park could have earned during that same time was $136,500. *Id.* at 5-6. Based

on these calculations, they argue that the most that could possibly be missing from the accounts was $4,492.93.[1]  *Id.* at 6.

[10]     However, on appeal, we neither reweigh evidence nor judge witness credibility. *Shady v. Shady*, 858 N.E.2d 128, 143 (Ind. Ct. App. 2006).  Under an abuse of discretion standard, we will not reverse the trial court "if there is a rational basis in the record supporting its determination."  *Id.*  We find that there is such a basis here, as the trial court had evidence before it that Janis and Clemmeth misappropriated $50,238.01 for their own use.  Janis and Clemmeth argue that other evidence in the record tends to show this amount is significantly lower. However, these arguments amount to a request that we reweigh the evidence and judge witness credibility, which we may not do.

[11]     The judgment of the trial court is affirmed.


Najam, J., and Friedlander, J., concur.

---

[1] Janis and Clemmeth speculate that this discrepancy is due to the fact that, while they were taking money from the accounts, they were also depositing money back into the accounts in an effort to repay what they were taking.  They argue that the State's evidence fails to consider any money that they may have put back into the accounts.  At the hearing, the State explained:

> I don't think the office calculated back in any money that they said was theirs that they put back because there's no way to show whose money it was that was put back into the account, I don't know if it was her money or the park's money.

Tr. p. 93.